IN THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DENNIS and SHERI DYLEWSKI | § | |
| | § | |
| VS. | § | CASE NO. ____________________ |
| | § | |
| FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | § § § | |

**ORIGINAL COMPLAINT**

Dennis and Sheri Dylewski ("Plaintiffs") complain of Defendant Fidelity National Property and Casualty Insurance Company (hereinafter "Fidelity") and for cause of action would show the following:

I.

PARTIES

Dennis and Sheri Dylewski own a home and have owned at all times material to this lawsuit at 4111 Buccaneer, Galveston, Texas 77554.

Fidelity is a corporation organized under the laws of the State of New York with its principal place of business in Florida. Its registered agent for service of process in Texas is CT Corporation Systems at 350 N. St. Paul Street, Dallas, Texas 75201.

II.

JURISDICTION

The Court has proper jurisdiction in this cause because there is a claim for damages under 42 USC § 4001, et seq., the National Flood Insurance Program. In addition, the Court has exclusive jurisdiction as established by the forum selection clause of 42 USC § 4072 stipulating a claim must be filed in the court of the district in which the covered property

was located at the time of the loss.

III.

VENUE

Venue is proper in this court because all or a substantial part of the events or omissions occurred in Galveston County, Texas. The insured property is located in Galveston County, Texas which lies within the Galveston Division of the United States District Court for the Southern District of Texas.

IV.

FACTS

Plaintiffs purchased flood insurance coverage for their residence at 4111 Buccaneer, Galveston, Texas 77554 (hereinafter the "Property") through Fidelity National Property and Casualty Insurance Company which acted as the fiscal agent as a write your own company on behalf of the Federal Emergency Management Agency ("FEMA") under the National Flood Insurance Program. Fidelity provided insurance for the Plaintiffs' residence through the National Flood Insurance Program with Insurance Policy number 42251015822403.

On or about September 12 and 13, 2008, Hurricane Ike made landfall along the Texas coast causing flood damage to the Plaintiffs' residence.

Plaintiffs notified Fidelity and FEMA of the damages in a timely manner through Claim number 080009498. The Plaintiffs properly submitted a Proof of Loss and a Supplemental Proof of Loss according to the policy terms.

On April 3, 2009, Fidelity, while acknowledging that flood waters flowed through the property, *i.e.*, causing damage to the lower level of the residence, nonetheless denied

most all of the Plaintiffs' claim except for a portion of the supplemental claim filed by Plaintiffs. On April 7, 2009, Plaintiffs appealed the decision with FEMA and on January 12, 2010, FEMA affirmed Fidelity's incorrect determination regarding coverage limitations and exclusions allegedly applicable to the Plaintiffs' loss. This was done by FEMA even after Plaintiffs provided FEMA with case authority that clearly establishes Plaintiffs' right to recover.

Upon checking with FEMA, the undersigned was informed that their review did not include a legal review. The determination simply was based on their assumptions that they had utilized in the past. Plaintiffs not only informed the FEMA representatives of legal authority to the contrary but also provided them case authorities evidencing their erroneous interpretation of the policy provisions. Nonetheless, no change has been forthcoming from FEMA and accordingly the Plaintiffs are filing suit.

V.

CAUSES OF ACTION

Breach of Contract by Fidelity and Violation of the National Flood Insurance Act of 1968, 40, 42 USC § 4001, et seq. Plaintiffs performed all conditions precedent to their right to recover under the policy and Fidelity did not honor the terms of the insurance policy it issued to Plaintiffs for the residence.

Plaintiffs repeat and reallege each and every allegation contained within this pleading.

Fidelity breached its contract with Plaintiffs when it denied their valid claim for flood damages that were covered under the National Flood Insurance Program.

VI.

DAMAGES

Plaintiffs have suffered substantial current and potential financial losses.

Under Coverage A of the insurance policy (A1 and A2), the dwelling, together with additions and extensions attached to or in contact with the dwelling are covered. This covers all of the items listed in the original Proof of Loss except for the plumbing and electric items for which the Plaintiffs received limited payment under the Supplemental Proof of Loss. In *Grisham v. Macey*, No. 83-5781 SC, 1984 U.S. Distr. LEXIS 16743 (N.D. Cal. May 11, 1984), the court considered the meaning of an NFIP policy identical to the policy at issue herein - that provided coverage for a "dwelling", the definition of which included "additions and extensions attached to and in contact" with the dwelling. The *Grisham* case held that the garage of an elevated beach home was covered as an addition or extension attached or in contact with the dwelling. The same applies in this case.

A similar decision was reached in *Jackson v. National Flood Insurers Ass'n*, 398 F.Supp 1383 (S.D. Tex. 1974). There, the plaintiff sought to recover under an NFIP policy for flood damage to dirt fill under the home's slab. In holding that the damage to the dirt fill and slab was covered under the "dwelling" provision of the NFIP policy, the court noted that "it might be added further that even if the slab were not regarded as part of the building proper, it could certainly be considered 'an addition in contact therewith'" the dwelling. *Jackson*, 398 F.Supp. at 1386. The insured home in *Jackson* was a beach home, not unlike the Plaintiffs' residence. Taking that fact into account, the *Jackson* court noted that "[i]n light of the nature of the building insured, a beach house on ten foot pilings, Plaintiffs' characterization of the slab as an 'addition' seems more reasonable than Defendants' view

of it as something lying on the lawn not part of the building in any way . . . in such a case the insured's interpretation is to be given effect." *Id.* citing *Prudential Ins. Co. of America v. Beall*, 454 S.W.2d 478 (Tex. Civ.App. 1970). If the slab in *Jackson* is to be considered part of the dwelling, then, without question, the garage and accompanying lattice work of the Plaintiffs' residence must be considered part of the dwelling. Accordingly, under both *Grisham* and *Jackson*, the Plaintiffs' claim are covered under sections A1 and A2 of the flood policy.

In sum, the *Grisham* and *Jackson* courts' interpretation of the relevant policy provisions, in addition to FEMA's own technical bulletin, indicate that the garage and lattice work are part of the dwelling and are therefore covered under Coverage A. It is clear that the courts should interpret the policy to afford the relief that the Plaintiffs are seeking at this time. Further, and not insignificantly, the *Jackson* case was decided by the same federal court in which this case is filed.

The NFIP policy expressly provides that an electric cart which is used to service the insured location is covered. This is stated in Section IV of the flood policy as well as the summary of significant changes which was forwarded with the policy. Fidelity's position that Paragraph B3 excluded coverage is clearly wrong. When a policy has two provisions, one which can be read to provide coverage and one which can be read to exclude it, the federal courts will resolve the ambiguity or inconsistency in favor of the insured every time. *See Employer Ins. Of Wausau v. Burlington Northern and Santa Fe Ry. Co.*, 336 F.Supp.2d 637, 643 (E.D. Tex. 2003) (stating: "Where an insurance policy's provisions are ambiguous or inconsistent, and are subject to two or more reasonable interpretations, then that construction which affords coverage will be the one adopted.") This is the same rationale

used by the courts in the *Jackson* and *Grisham* cases. The same principles mandate a judgment in Plaintiffs' favor on coverage for the electric cart.

WHEREFORE, Plaintiffs prays that the Defendant be cited to answer and appear herein, that upon final trial, Plaintiffs have among other things, judgment against the Defendant:

1. For all damages sustained by the Plaintiffs caused by flooding by Hurricane Ike on or about September 13, 2008;
2. The costs of court;
3. Post-judgment interest as allowed by law, from date of judgment until payment;
4. Such other relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**DYLEWSKI & ASSOCIATES, P.C.**

By: /s/ Dennis M. Dylewski
Dennis M. Dylewski
TBA No. 06325750
Federal I.D. No. 493
J. Kyle Treadway
TBA No. 24054561
Federal I.D. No. 870993
550 Westcott, Suite 220
Houston, Texas 77007
Phone: (713) 751-0077

ATTORNEYS for
DENNIS and SHERI DYLEWSKI

**OF COUNSEL:**
Dylewski & Associates, P.C.
550 Westcott, Suite 220
Houston, Texas 77007
Phone: (713) 751-0077
Fax: (713) 751-0080